Approved: _____
Peter J. Davis
Assistant United States Attorney

Before:   THE HONORABLE JAMES L. COTT
          United States Magistrate Judge
          Southern District of New York

- - - - - - - - - - - - - - - x
                                    :
UNITED STATES OF AMERICA            :       SEALED COMPLAINT
                                    :
       - v. -                       :       Violations of
                                    :       18 U.S.C.
                                    :       §§ 371, 922(a)(1)(A),
RAVEN BUSH, and                     :       922(g)(1), and 2
RONALD JOHNSON,                     :
                                    :
               Defendants.          :       COUNTY OF OFFENSE:
                                    :       NEW YORK
- - - - - - - - - - - - - - - x

SOUTHERN DISTRICT OF NEW YORK, ss.:   18 MAG 10428

     ADAM SCHULTZ, being duly sworn, deposes and says that he is
a Special Agent with the United States Bureau of Alcohol,
Tobacco, Firearms and Explosives, and charges as follows:

## COUNT ONE
### (Firearms Trafficking Conspiracy)

     1.   From at least on or about June 20, 2018 up to and
including at least on or about October 2, 2018, in the Southern
District of New York and elsewhere, RAVEN BUSH and RONALD
JOHNSON, the defendants, and others known and unknown, willfully
and knowingly did combine, conspire, confederate, and agree
together and with each other to commit an offense against the
United States, to wit, trafficking in firearms, in violation of
Title 18, United States Code, Section 922(a)(1)(A).

     2.   It was part and object of the conspiracy that
RAVEN BUSH and RONALD JOHNSON, the defendants, and others known
and unknown, not being licensed importers, licensed
manufacturers, and licensed dealers of firearms within the
meaning of Chapter 44, Title 18, United State Code, would and
did willfully and knowingly engage in the business of dealing in
firearms, and in the course of such business would and did ship,
transport, and receive firearms in interstate and foreign

commerce, in violation of Title 18, United States Code, Section 922 (a)(1)(A).

## Overt Acts

3.    In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a.    On or about June 20, 2018, RAVEN BUSH and RONALD JOHNSON, the defendants, sold two firearms, twenty two rounds of ammunition, and a .380 magazine to a confidential informant ("CI-1") for approximately $1,500 in Manhattan, New York.

b.    On or about September 12, 2018, RAVEN BUSH and RONALD JOHNSON, the defendants, sold four firearms and seven rounds of ammunition to an undercover officer ("UC-1") for approximately $3,400 in Manhattan, New York.

c.    On or about September 24, 2018, RAVEN BUSH and RONALD JOHNSON, the defendants, sold three firearms and forty-one rounds of ammunition to UC-1 for approximately $2,300 in Manhattan, New York.

d.    On or about September 27, 2018 RAVEN BUSH, the defendant, sold four firearms and two magazines to UC-1 for approximately $3,600 in Manhattan, New York.

e.    On or about October 2, 2018 RAVEN BUSH and RONALD JOHNSON, the defendants, sold three firearms and two magazines to UC-1 for approximately $2,300 in Manhattan, New York.

(Title 18, United States Code, Section 371.)

## COUNT TWO
### (Firearms Trafficking)

4.    From at least on or about June 20, 2018 up to and including at least on or about October 2, 2018, in the Southern District of New York and elsewhere, RAVEN BUSH and RONALD JOHNSON, the defendants, not being licensed importers, licensed manufacturers, and licensed dealers of firearms within the meaning of Chapter 44, Title 18, United States Code, did willfully and knowingly engage in the business of dealing in firearms, and in the course of such business did ship,

2

transport, and receive firearms in interstate and foreign commerce, to wit, BUSH and JOHNSON illegally sold firearms in Manhattan.

(Title 18, United States Code, Sections 922(a)(1)(A) and 2.)

### COUNT THREE
### (Felon in Possession)

5.    On or about September 12, 2018, in the Southern District of New York and elsewhere, RAVEN BUSH, the defendant, after having been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, knowingly did possess in and affecting commerce a firearm, to wit, a Ruger Model EC9s 9mm pistol, which had previously been shipped and transported in interstate and foreign commerce.

(Title 18, United States Code, Sections 922(g)(1) and 2.)

### COUNT FOUR
### (Felon in Possession)

6.    On or about June 20, 2018, in the Southern District of New York and elsewhere, RONALD JOHNSON, the defendant, after having been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, knowingly did possess in and affecting commerce a firearm, to wit, a Jimenez Arms Model J.A. .380 caliber pistol, which had previously been shipped and transported in interstate and foreign commerce.

(Title 18, United States Code, Sections 922(g)(1) and 2.)

The bases for my knowledge and for the foregoing charges are, in part, as follows:

7.    I am a Special Agent with the United States Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") and a member of the Joint Firearms Task Force ("JFTF").  I have been personally involved in the investigation of this matter.  This affidavit is based upon my personal participation in the investigation of this matter, my conversations with law enforcement agents, witnesses, and others, as well as my examination of reports, records, audio recordings, and video footage.  Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of

my investigation.  Where the contents of documents and the
actions, statements, and conversations of others are reported
herein, they are reported in substance and in part, except where
otherwise indicated.

## Overview

8.    As set forth in detail below, the ATF has been
investigating individuals for conspiring to traffic firearms
into New York from other states, including Georgia.  The
investigation began in or about June 2018 when a confidential
informant for the ATF ("CI-1")[1] reported that RAVEN BUSH, the
defendant, was transporting illegal firearms from an unknown
source and selling them in New York City.  *See infra* ¶9(a).  At
the ATF's direction, CI-1 began engaging in firearms
transactions with BUSH.  BUSH in turn introduced CI-1 to BUSH's
co-conspirator RONALD JOHNSON, the defendant.  Between in or
about June 2018 through in or about October 2018, CI-1 and UC-1,
who serves in an undercover capacity with ATF, individually and
collectively met with BUSH and JOHNSON, the defendants,
approximately five times to purchase firearms.  *See infra* ¶9.
During the course of the investigation, ATF discovered that BUSH
and JOHNSON both had been convicted of felonies that prohibited
them from being in possession of a firearm.  *See infra* ¶¶13-14.
In total, across the five controlled buys organized at the ATF's
direction between in or about June 2018 and in or about October
2018, BUSH and JOHNSON sold sixteen firearms to the ATF.

## The Investigation

9.    Based on my involvement in the investigation,
including in the controlled buys occurring from June 2018 to
October 2018 that are described below, my conversations with
other law enforcement agents, CI-1, UC-1, and others, and my
review of documents, records, and visual and audio surveillance,
I have learned the following:

a.    On or about June 4, 2018, CI-1 reported that
RAVEN BUSH, the defendant, was transporting illegal firearms
from an unknown source and selling them in New York City.

b.    At the ATF's direction, CI-1 agreed to a
meeting with an individual, later identified to be BUSH, to

---

[1] CI-1 has been a paid ATF source since approximately 2015.
During that time, CI-1 has contributed to several
investigations.  CI-1's information has been deemed reliable and
has sometimes been corroborated by independent evidence.

purchase firearms.  On or about June 20, 2018, CI-1 arrived at a
fast-food restaurant in Manhattan, New York, and met with BUSH.
BUSH did not have firearms when he entered the fast-food
restaurant.  BUSH placed a phone call to an individual on his
cellular telephone.  Soon after the call, an individual later
identified as RONALD JOHNSON, the defendant, parked a Nissan
Altima ("Vehicle-1") in front of the fast-food restaurant.  BUSH
approached Vehicle-1 and engaged in conversation with JOHNSON.
CI-1 exited the fast-food restaurant and approached Vehicle-1.
JOHNSON retrieved a lock box from behind the driver's side seat
of Vehicle-1.  JOHNSON entered a code to open the lock box and
removed two firearms from the lock box.  JOHNSON placed the two
firearms into a bag and handed it to BUSH.  BUSH and CI-1 then
reentered the fast-food restaurant.  CI-1 paid BUSH
approximately $1,500 in exchange for (1) a Jimenez Arms Model
J.A. .380 caliber pistol ("Firearm-1"); (2) an Astra Model .357
caliber revolver ("Firearm-2"); (3) eleven rounds of .380
caliber ammunition; (4) eleven rounds of .38 caliber ammunition;
and (5) an .380 magazine.  Firearm-1 and Firearm-2 are pictured
below.



            c.    At the ATF's direction, CI-1 agreed to
another meeting with BUSH to purchase firearms on September 12,
2018.  On or about September 12, 2018, law enforcement officers
observed Vehicle-1, which was occupied by BUSH and JOHNSON,
arrive at the agreed-to meeting place in Manhattan, New York.
JOHNSON exited the driver's side of Vehicle-1 and retrieved an
item from the trunk of Vehicle-1.  JOHNSON then returned to the
driver's seat of Vehicle-1.  CI-1 and UC-1 then arrived at the
agreed-to meeting place in a vehicle.  BUSH exited Vehicle-1 and
entered UC-1's vehicle carrying a shopping bag.  BUSH retrieved
a shoebox from inside the shopping bag.  Bush opened the shoebox

to show UC-1 a number of firearms and ammunition.   UC-1 paid
BUSH $3,400 in exchange for (1) a Ruger Model EC9s 9mm pistol,
which was loaded with seven rounds ("Firearm-3"); (2) a Beretta
Model BU9 Nano 9mm pistol ("Firearm-4"); (3) a Bersa Model BP9cc
9mm pistol ("Firearm-5"); (4) a Taurus International Model TCP
.380 caliber pistol ("Firearm-6"); and (5) seven rounds of 9mm
ammunition.   UC-1 obtained BUSH's cellular telephone number.
CI-1 also discussed future firearm sales with JOHNSON.   JOHNSON
told CI-1 that JOHNSON would have more firearms to sell the
following week.[2]  Firearm-3, Firearm-4, Firearm-5, and Firearm-6
are pictured below.



---

[2] Based on conversations with UC-1 and CI-1, I have learned in sum
and substance that BUSH has represented that JOHNSON is BUSH's
cousin.

     d.   At the ATF's direction, UC-1 agreed to another meeting with BUSH and JOHNSON to purchase firearms.  On or about September 24, 2018, UC-1 met with BUSH and JOHNSON in Manhattan, New York.  Vehicle-1 arrived at the agreed-to meeting place and parked.  BUSH and JOHNSON were in Vehicle-1.  JOHNSON was seated in the driver's seat of Vehicle-1 and BUSH was seated in the front passenger seat of Vehicle-1.  UC-1 approached Vehicle-1.[3]  BUSH opened the trunk of Vehicle-1 and directed UC-1 to a cardboard box.  UC-1 entered the backseat of Vehicle-1.[4] BUSH retrieved the cardboard box from trunk of Vehicle-1 and re-entered Vehicle-1 in the front passenger seat and handed the cardboard box to UC-1.  UC-1 paid BUSH $2,300 in exchange for (1) a SCCY Industries LLC CPX-2 9mm pistol ("Firearm-7"); (2) a Taurus International Model PT738 .380 caliber pistol ("Firearm-8"); (3) Smith & Wesson Model 586 .357 caliber revolver ("Firearm-9"); (4) twenty-nine rounds of 9mm ammunition; (5) six rounds of .380 caliber ammunition; and (6) six rounds of .38 caliber ammunition.  Firearm-7, Firearm-8, and Firearm-9 are pictured below.



---

[3] I have compared images from my review of the video surveillance of the September 24, 2018 controlled buy with BUSH'S photograph from law enforcement databases and they appear to be one and the same person.

[4] I have compared images from my review of the video surveillance of the September 24, 2018 controlled buy with JOHNSON'S photograph from law enforcement databases and they appear to be one and the same person.

e.     At the ATF's direction, UC-1 agreed to another meeting with BUSH to purchase firearms.  On or about September 27, 2018, UC-1 met with BUSH in Manhattan, New York. BUSH entered UC-1's vehicle carrying a small safe ("Safe-1"). BUSH handed Safe-1 to UC-1 and UC-1 inspected the firearms that were contained in Safe-1.  UC-1 paid BUSH approximately $3,600 in exchange for, among other things, (1) three Taurus Model G2S, 9mm caliber pistols with magazines ("Firearm-10", "Firearm-11", and "Firearm-12");(2) a Taurus, Model 709 Slim, 9mm caliber pistol with magazine ("Firearm-13"); (3) two 9mm caliber magazines; and Safe-1.  Firearm-10, Firearm-11, Firearm-12, and Firearm-13 are pictured below.



f.     At the ATF's direction, UC-1 agreed to another meeting with BUSH to purchase firearms.  On or about October 2, 2018, UC-1 met with BUSH and JOHNSON in Manhattan, New York.  Vehicle-1 arrived at the agreed-to meeting place and parked.  BUSH and JOHNSON were in Vehicle-1.  JOHNSON was in the driver's seat of Vehicle-1 and BUSH was in the front passenger seat of Vehicle-1.  BUSH retrieved a shopping bag from the trunk of Vehicle-1 and entered UC-1's vehicle.  BUSH retrieved three firearms from the bag and handed them to UC-1.  UC-1 paid BUSH approximately $2,300 in exchange for (1) two Ruger Model EC9s 9mm pistols with magazines ("Firearm-14" and "Firearm-15") and (2) a Diamondback Model DB9 9mm pistol with magazine ("Firearm-16").  Firearm-14, Firearm-15, and Firearm-16 are pictured below.



g.   UC-1 was shown a photo array containing six photographs, one of which was a photograph of BUSH.  UC-1 positively identified BUSH's photograph as one of the individuals from whom UC-1 purchased firearms.  UC-1 was also shown a photo array containing six photographs, one of which was a photograph of JOHNSON.  UC-1 positively identified JOHNSON's photograph as the person who BUSH referred to as his cousin.

h.   CI-1 was shown a photo array containing six photographs, one of which was a photograph of BUSH.  CI-1 positively identified BUSH's photograph as the person from whom CI-1 purchased firearms.  CI-1 was also shown a photo array containing six photographs, one of which was a photograph of JOHNSON.  CI-1 positively identified JOHNSON as the individual who had the firearms with BUSH.

i.   In total, across the five controlled buys between in or about June 2018 and in or about October 2018, BUSH and JOHNSON sold sixteen firearms to the ATF.

10.  Based on my review of records from law enforcement databases, Firearm-1 was purchased on December 30, 2017 in Myrtle Beach, South Carolina; Firearm-3 was reported stolen on August 28, 2018 from a truck located in Jackson, Georgia; Firearm-7 was purchased on December 22, 2012 in Dallas, Georgia; Firearm-10, Firearm-11, and Firearm-12 were purchased on September 25, 2018 in Dahlonega, Georgia; and Firearm-14 and Firearm-15 were purchased on September 29, 2018 in Cumming, Georgia.

11.    Based on my review of records from law enforcement databases, Firearm-1, Firearm-2, Firearm-3, Firearm-4, Firearm-5, Firearm-6, Firearm-7, Firearm-8, Firearm-9, Firearm-10, Firearm-11, Firearm-12, Firearm-13, Firearm-14, Firearm-15, and Firearm-16 were manufactured outside of New York state.

12.    Based on my review of searches of an ATF database, and based on my conversations with other law enforcement agents, I have learned that from at least in or about June 2018 and in or about October 2018, RAVEN BUSH and RONALD JOHNSON, the defendants, were not licensed firearms dealers, importers, or manufacturers.

13.    I have reviewed criminal history records pertaining to RAVEN BUSH, the defendant, which show that BUSH was convicted on or about March 28, 2011, in the Supreme Court of the State of New York, Kings County, of Criminal Sale of a Controlled Substance in the Fifth Degree, in violation of New York Penal Law § 220.31, which is a felony punishable by a term of imprisonment of more than one year.

14.    I have reviewed criminal history records pertaining to RONALD JOHNSON, the defendant, which show that BUSH was convicted on or about November 21, 2008, in the Supreme Court of the State of New York, Kings County, of Robbery in the Third Degree, in violation of New York Penal Law § 160.05, which is a felony punishable by a term of imprisonment of more than one year.

WHEREFORE, deponent respectfully requests that warrants be issued for the arrests of RAVEN BUSH and RONALD JOHNSON, the defendants, and that they be arrested, and imprisoned or bailed, as the case may be.

ADAM SCHULTZ
Special Agent
Bureau of Alcohol, Tobacco,
Firearms and Explosives

Sworn to before me this
10th day of December, 2018

THE HONORABLE JAMES L. COTT
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK

11